**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-81420-BLOOM/Reinhart**

CATHY COHEN,

      Plaintiff,

v.

BURLINGTON, INC.,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff Cathy Cohen's ("Plaintiff") Motion for Reconsideration or Rehearing on Omnibus Order (ECF No. 50) and Request for Evidentiary Hearing, ECF No. [52] ("Motion"), filed on March 31, 2020. Burlington Stores, Inc. ("BSI"), Burlington Coat Factory Warehouse Corporation ("BCFWC"), and Burlington Coat Factory Direct Corporation's ("BCFDC") (collectively, "Movants") filed a response in opposition, ECF No. [53] ("Response"), to which Plaintiff replied, ECF No. [58] ("Reply"). Movants have also filed an Affidavit of Attorneys' Fees and Costs, ECF No. [51] ("Fee Affidavit"), pursuant to this Court's Omnibus Order, ECF No. [50] ("Order"). Plaintiff filed an Objection to the Amount of Sanctions, ECF No. [60] ("Objections"), and Movants filed a response to these Objections, ECF No. [63] ("Response to Objections"). The Court has reviewed the Motion, all opposing and supporting submissions, the testimony and arguments presented at the Evidentiary Hearing, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Plaintiff's Motion is denied.

## I.  BACKGROUND

On October 19, 2018, Plaintiff initiated this action, asserting a negligence claim against Defendant Burlington, Inc. ("Defendant") arising from an incident at Defendant's retail store in Palm Beach County, Florida, on July 8, 2016. ECF No. [1] ¶¶ 7-8 ("Complaint"). In her Complaint, Plaintiff alleged that one or more display tables at Defendant's store fell toward Plaintiff and struck her, causing severe medical injuries. *Id.* ¶¶ 11-13.

A Clerk's Default was entered against Defendant on January 16, 2019. ECF No. [9]. The Court held an evidentiary hearing on the issue of damages on March 29, 2019. ECF No. [16]. Then, on March 31, 2019, Plaintiff filed a Motion for Final Default Judgment, ECF No. [17], which the Court granted on April 12, 2019, ECF No. [19]. Final Judgment was therefore "entered in favor of Plaintiff Cathy Cohen and against Defendant Burlington Inc." on that day, and Plaintiff was awarded damages in the amount of $677,774.75, plus $26.19 in pre-judgment interest, ECF No. [20], and was further awarded $702.43 in taxable costs on May 7, 2019, ECF No. [23].

On July 19, 2019, Plaintiff moved for a writ of execution against "BURLINGTON INC. a/k/a BURLINGTON COAT FACTORY DIRECT CORPORATION," ECF No. [24], which the Clerk of Court issued on July 23, 2019, ECF No. [25]. Plaintiff then registered the Judgment Lien against "BURLINGTON, INC, and BURLINGTON COAT FACTORY DIRECT CORPORATION" with the Florida Secretary of State. ECF No. [33-1] at 53. On August 21, 2019, the Clerk of Court certified the Judgment to be registered in another district, *id.* at 90-93, and on September 7, 2019, Plaintiff's counsel mailed the certified Judgment, along with a New Jersey writ of execution, to the United States District Court for the District of New Jersey ("N.J. District Court"), *id.* at 91, which the N.J. District Court received on September 10, 2019, *id.* at 90. On

September 12, 2019, the New Jersey writ of execution was issued, *id.* at 99-100, and the writ was levied against BSI's bank account on October 1, 2019, *id.* at 113-15, 64.

On October 7, 2019, BSI and BCFWC filed an emergency motion before the N.J. District Court for an order to show cause why the Judgment and the levies should not be vacated and why the writs of execution should not be quashed. *Id.* at 54-73. Ultimately, on October 24, 2019, the N.J. District Court vacated the levies against BSI's bank account and quashed all writs directed to Movants' assets, but declined to vacate this Court's Final Judgment. *Id.* at 118-19. In the meantime, on October 11, 2019, Plaintiff moved, before this Court, to amend the Final Judgment to "remove any ambiguity of the correct Defendants' identity," ECF No. [26], which was later amended, ECF No. [33] ("Motion to Amend Judgment"). Further, on December 5, 2019, Movants filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 due to the alleged misconduct of Plaintiff's counsel, Michael Gulisano, Esq. ("Mr. Gulisano"), throughout the course of these proceedings. ECF No. [47] ("Motion for Sanctions").

On March 2, 2020, this Court issued its Omnibus Order denying Plaintiff's Motion to Amend Judgment and granting in part and denying in part Movants' Motion for Sanctions. *Cohen v. Burlington, Inc.*, No. 18-cv-81420, 2020 WL 1033349, at *1 (S.D. Fla. Mar. 3, 2020), ECF No. [50]. The Omnibus Order specifically ordered that "Movants shall be entitled to recover from Plaintiff's counsel, Michael Gulisano, Esq., all of the expenses, including attorney's fees and costs, incurred in responding to and defending the instant Motions," and required that Movants' counsel submit appropriate documentation regarding the amount sought within fourteen days. *Cohen*, 2020 WL 1033349, at *11. Movants timely filed a Fee Affidavit, ECF No. [51], on March 12, 2020, with supporting exhibits. On May 8, 2020, Plaintiff filed her Objections to Movants' requested amount of fees, ECF No. [60], and Movants subsequently filed their Response to Objections on

May 15, 2020, ECF No. [63]. Further, on March 31, 2020, Plaintiff filed the instant Motion seeking reconsideration of the Court's award of sanctions in its Omnibus Order pursuant to Federal Rules of Civil Procedure 52, 59, and 60, ECF No. [52] ("Motion"). Movants submitted a Response on April 20, 2020, to which Plaintiff replied on April 29, 2020. On May 27, 2020, the Court held an Evidentiary Hearing on Plaintiff's Motion, which was attended by Mr. Gulisano, his legal counsel, and Movants' counsel. During the Evidentiary Hearing, Mr. Gulisano's counsel presented testimony and evidence in support of his request for the Court to reconsider the imposition of sanctions because Mr. Gulisano's conduct during this litigation was based upon his legitimate belief that the claims asserted were meritorious. Movants took the opposing position during the Evidentiary Hearing.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 52(b) states that "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Similarly, Rule 59(e) states that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly."). "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon &*

*Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (quotation marks omitted). Motions under Rule 52(b) and 59(e) cannot, however, be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Perez v. Renaissance Arts & Educ., Inc.*, No. 8:12-cv-514-T-MAP, 2014 WL 408334, at *1 (M.D. Fla. Feb. 3, 2014).

In other words, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted). "To permit otherwise would 'essentially afford[] a litigant two bites at the apple.'" *Adams v. Boeneman*, No. 6:18-cv-72-Orl-41GJK, 2020 WL 3086313, at *2 (M.D. Fla. May 4, 2020) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Likewise, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Nor should it "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine*

*Inc.*, 808 F. Supp. at 1563; *see also Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003) ("[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived."). Ultimately, "[t]he decision to alter or amend a judgment is committed to the sound discretion of the district court." *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (quoting *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006)).

Under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *In re Yulin Ma*, 346 F. App'x 436, 439 (11th Cir. 2009); *see also* Fed. R. Civ. P. 60(b). "The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief.'" *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).[1] Thus, a movant seeking relief under Rule 60(b) "must demonstrate a justification so compelling that the [district] court was required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*,

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

996 F.2d 1111, 1115 (11th Cir. 1993)). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (quoting *Cano*, 435 F.3d at 1342).

## III. DISCUSSION

The Court will first address the merits of Plaintiff's Motion seeking reconsideration of the Court's decision to impose sanctions in the Omnibus Order. The Court will then address the Fee Affidavit and determine the appropriate amount of attorneys' fees and costs Movants are entitled to recover.

### A. Motion for Reconsideration or Rehearing

The Plaintiff requests that the Court reconsider its decision to impose sanctions pursuant to Rule 59(e),[2] arguing that the Court patently misunderstood Plaintiff's actions and positions, that it made an error of apprehension in analyzing Mr. Gulisano's conduct and attributing malevolent intent to this conduct, and that the sanctions imposed are outside the scope of the issues raised in Movants' Motion for Sanctions. In Response, Movants contend that the Motion must be denied because Plaintiff has failed to establish the existence of any of the bases for relief necessary for reconsideration. In Reply, Plaintiff raises challenges to the sufficiency of the original Motion for Sanctions, and Movants' compliance with the procedural requirements of Rule 11. Plaintiff further argues that Movants, as non-parties, lack standing to move for Rule 11 sanctions.[3]

---

[2] Plaintiff's Motion briefly refers to Rule 52(b) and Rule 60(b) in a footnote as alternative bases for relief. *See* ECF No. [52] at 9 n.9. However, given that the Motion almost exclusively addresses the law surrounding Rule 59(e), the Court will not address these cursory and alternative avenues of relief. *See Liberty Corp. Capital Ltd. v. Club Exclusive, Inc.*, No. 1:16-cv-791-VEH, 2018 WL 4773771, at \*5 (N.D. Ala. Oct. 3, 2018) ("a passing reference to an issue in a brief [is] insufficient to properly raise that issue" (citing *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989))).

[3] The Eleventh Circuit has clearly and repeatedly stated that:

"[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) (citation omitted); *see also United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (Court need not

As set forth above, there are three grounds that justify reconsideration of a court's prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams*, 320 F. Supp. 2d at 1357-58 (citing *Sussman*, 153 F.R.D. at 694). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Thus, a motion for reconsideration is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila*, 2017 WL 3638199, at *1 (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563) (quotation marks omitted). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. School Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Yet, "[a] motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has already determined. Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *S.-*

---

address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

*Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). Thus, courts "ordinarily do not consider arguments raised for the first time on reply." *Allah El v. Avesta Homes*, No. 8:11-cv-2192-T-33TGW, 2012 WL 515912, at *3 (M.D. Fla. Feb. 16, 2012). "In fact, the case reporters are replete with cases wherein courts declined to consider arguments raised for the first time in a reply." *Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (citing *Park City Water Auth., Inc. v. N. Fork Apartments, L.P.*, No. 09-0240-WS-M, 2009 WL 4898354, at *1 n.2 (S.D. Ala. Dec. 14, 2009) (collecting over 40 cases)). Accordingly, the Court will limit its analysis to the issues properly raised in Plaintiff's Motion.

*Owners Ins. Co. v. MAC Contractors of Fla., LLC*, No. 2:18-cv-21-FtM-29CM, 2018 WL 3768986, at *1 (M.D. Fla. Aug. 9, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Likewise, "a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-cv-24299, 2020 WL 837182, at *1 (S.D. Fla. Feb. 20, 2020) (quoting *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at *1 (S.D. Fla. June 8, 2016)).

Plaintiff does not argue that reconsideration is warranted due to an intervening change in controlling law or the availability of new evidence. Rather, Plaintiff seeks reconsideration under Rule 59(e) on the basis that it is necessary to correct clear error or prevent manifest injustice. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

> "A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted). "This ordinarily requires a showing of 'clear and obvious error' where the 'interests of justice demand correction.'" *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

*Morning Star Assocs., Inc. v. Unishippers Glob. Logistics, LLC*, No. CV 115-033, 2015 WL 3650192, at *2 (S.D. Ga. June 10, 2015).

Moreover, "[m]anifest injustice 'refers to injustice that is apparent to the point of almost being indisputable.'" *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, No. 16-20314-CIV, 2017

WL 3671033, at *5 (S.D. Fla. Aug. 24, 2017). "[M]anifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and [] motion[s] to reconsider [on this basis] should be equally rare.'" *Campero USA Corp.*, 916 F. Supp. 2d at 1292-93 (quoting *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283); *Pepke v. Fla. Dep't of Families*, No. 18-cv-60432, 2018 WL 5631301, at *2 (S.D. Fla. Oct. 31, 2018).

Plaintiff's Motion asserts the following grounds to demonstrate that reconsideration is warranted: the Court patently misunderstood Mr. Gulisano's actions and arguments, it made an error, not of reasoning, but of apprehension in attributing fraudulent intent to Mr. Gulisano's actions, and it imposed sanctions that were beyond the scope of the issues presented to the Court in the Motion for Sanctions. *See Kapila*, 2017 WL 3638199, at *1. Upon review of Plaintiff's arguments, however, the Court concludes that the requested relief under Rule 59(e) is not warranted because Plaintiff's Motion amounts to no more than disagreement with the Court's reasoning and ultimate conclusions, especially as they relate to the Court's emphasis on Mr. Gulisano's conduct in obtaining the writ of execution instead of the issue of service of process. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly." (citation and alterations omitted)); *see also Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." (internal citation and quotations omitted)); *id.* ("In addition to basing his reconsideration motion on his disagreements with the ruling, Roggio also raises the same arguments he raised in his initial

motion. This is not what a reconsideration motion is designed to accomplish." (citing *Smith v. Norfolk So. Ry. Co.*, No. 10-0643-WS-B, 2011 WL 673944, at *2 (S.D. Ala. Feb. 17, 2011))); *Taveras v. Ocwen Loan Servicing LLC*, No. 19-cv-23358, 2019 WL 7283219, at *1 (S.D. Fla. Dec. 27, 2019).

Plaintiff's Motion fails establish that there was a "clear error of law" or "manifest injustice." Instead, the facts and legal propositions that Plaintiff presents in the Motion were considered at length by the Court in issuing its ruling in the Omnibus Order. *See Cremeens v. City of Montgomery, Ala.*, No. 2:09-cv-409-WHA, 2010 WL 11693276, at *1 (M.D. Ala. Sept. 9, 2010). The issues raised in the Motion do not rise to the level of "'clear and obvious error' where the 'interests of justice demand correction,'" *McGuire*, 497 F. Supp. 2d at 1358, or "'injustice that is apparent to the point of almost being indisputable,'" *MSPA Claims 1, LLC*, 2017 WL 3671033, at *5, sufficient to warrant granting the extraordinary and rare relief of reconsideration under Rule 59(e). Accordingly, Plaintiff's Motion is denied.

## B. Award of Attorneys' Fees and Costs

Federal Rule of Civil Procedure 11(c)(2) states that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). "[A]s the language of [this] provision makes clear, prevailing party status does not entitle the Plaintiff to attorney fees as a matter of course. Instead it is left up to the Court's discretion." *Bussey-Morice v. Kennedy*, No. 6:11-cv-970-Orl-41GJK, 2018 WL 4091899, at *3 (M.D. Fla. Aug. 27, 2018) (quoting *Denning v. Powers*, No. 12-14103-CIV, 2012 WL 12865839, at *1 (S.D. Fla. Nov. 26, 2012), *report and recommendation adopted*, 2012 WL 12867837 (S.D. Fla. Dec. 28, 2012)), *aff'd*, 775 F. App'x 1003 (11th Cir. 2019). Ultimately, "Rule 11 vests the Court with broad discretion to determine appropriate sanctions." *Estrada v. FTS USA, LLC*, No.

Case No. 18-cv-81420-BLOOM/Reinhart

14-23388-CIV, 2018 WL 3697491, at *2 (S.D. Fla. July 20, 2018) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987)), *report and recommendation adopted*, No. 14-cv-23388, 2018 WL 4777160 (S.D. Fla. Aug. 9, 2018), *aff'd*, No. 18-15336, 2020 WL 1910441 (11th Cir. Apr. 20, 2020).

> However, the court's discretion to impose sanctions is not unrestricted, in that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Likewise, "[t]he conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed." *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998) (citation omitted).

*McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010);[4] *see also Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992) ("Rule 11 sanctions may be imposed for the purpose of deterrence, compensation and punishment.").

"Rule 11 provides for a range of penalties, including payment by the offending attorney of 'part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" *Peer v. Lewis*, 571 F. App'x 840, 845 (11th Cir. 2014) (quoting Fed. R. Civ. P. 11(c)(4)). "As the language of the Rule suggests, it 'permit[s] an award only of those expenses *directly caused* by the [sanctionable] filing.'" *Id.* (emphasis added) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990)). "The imposition of a monetary sanction is a particularly reasonable use of a court's discretion under Rule 11. The everyday meaning of 'appropriate sanction' encompasses a monetary sanction. Imposing a financial penalty often will be the most effective and fair means of enforcing Rule 11 and deterring baseless suits." *Donaldson*, 819 F.2d at 1557; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) (noting that Rule 11 permits attorney's fees "for conduct which merely fails to meet a reasonableness standard"); *Aetna*

---

[4] Generally, "Courts may impose monetary and nonmonetary sanctions; this may include 'payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" *Estrada*, 2018 WL 3697491, at *2 (quoting Fed. R. Civ. P. 11(c)(4)).

*Ins. Co.*, 953 F.2d at 1334 (discussing the reasonableness of an attorney fee award from sanctionable conduct). Indeed, "[t]he Eleventh Circuit has noted that 'the sanctions most commonly imposed are costs and attorneys' fees.'" *Estrada*, 2018 WL 3697491, at *2 (quoting *Donaldson*, 819 F.2d at 1557).

Here, the Court, in its Omnibus Order, already determined that Movants are entitled to recover from Mr. Gulisano, all of their expenses, including attorneys' fees and costs, incurred in responding to and defending against Plaintiff's Motion to Amend Judgment, ECF No. [33], and Movants' Motion for Sanctions, ECF No. [47], (collectively, "Judgment Motions"). *See* ECF No. [50] at 19. The Omnibus Order further directed Movants to file all supporting documentation to demonstrate the reasonableness of the amount sought, which Movants timely filed. Because the Court has already affirmed the sanctions award itself, and because Plaintiff's request for reconsideration or rehearing is denied, the only remaining issue for the Court to address is the amount of reasonable attorneys' fees to which Movants are entitled.

> Attorneys' fees claimed as a sanction "must be scrutinized carefully for reasonableness by the district judge." 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1336.3 (4th ed. 2019) (citations omitted). Where a party has a right to attorneys' fees, the courts have a corresponding duty to make sure that such an award is reasonable. *See Hensley v. Eckhart*, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorneys' fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court. Further, "it generally is recognized that the federal courts should exercise care and restraint when awarding attorneys' fees," lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10 Wright et al., *supra* at § 2675.1.

*Hamilton Grp. Funding, Inc. v. Basel*, No. 16-61145-CIV, 2019 WL 3753668, at *1 (S.D. Fla. Aug. 7, 2019).

The Eleventh Circuit has explained the framework under which a court should analyze the reasonableness of an award of attorneys' fees, which is called the "lodestar" method. *Norman v.*

*Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). "The lodestar method of calculating attorney's fees has become the 'guiding light' of the federal courts' jurisprudence for calculating a reasonable attorney's fee." *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1185-86 (S.D. Fla. 2012) (quoting *Perdue v. Kenny A.*, 559 U.S. 542 (2010)). Ultimately, a court's "computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

The first step of the lodestar method requires that a district court determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Norman*, 836 F.2d at 1299; *Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "The Court is deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Hamilton Grp. Funding, Inc.*, 2019 WL 3753668, at *1 (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)); *see also Norman*, 836 F.2d at 1303. The party moving for a fee award bears the burden of submitting satisfactory evidence to establish both that the requested rate is in

accord with the prevailing market rate and that the hours are reasonable. *Norman*, 836 F.2d at 1303.

After calculating the lodestar fee, the court then proceeds to an analysis of whether to adjust the amount upwards or downwards. In particular,

> [o]nce the hourly rate is set, the Court must determine the reasonable number of hours incurred. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. *See id.* at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *Id.* If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id.*

*Hamilton Grp. Funding, Inc.*, 2019 WL 3753668, at *2.

In making this determination, the court may rely upon a number of factors, including the quality of the results, and representation in the litigation. *Norman*, 836 F.2d at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Movants' requested attorneys' fee award and all accompanying exhibits. In determining the appropriate hourly rate for Movants' attorneys, the Court considers the factors elucidated in *Norman* and other relevant case law, in addition to its

own knowledge and experience. With regard to counsel's skills, experience, and reputation for the purposes of determining a reasonable market rate, Movants' Fee Affidavit indicates that the attorneys who worked on the instant matter billed at the following rates: George M. Vinci, Jr. (discounted rate of $235.00 per hour); Randi A. Wolf (discounted rate of $235.00 per hour); John T. Asher (discounted rate of $235.00 per hour); and Amy L. Christiansen (rate of $235.00 per hour). ECF No. [51-1] at 2-5. Further, the Fee Affidavit alleges that Jamie Holness, a paralegal, contributed to this matter and billed at an hourly rate of $100.00. *Id.* at 5. The Court is satisfied that these hourly rates are reasonable.

Regarding the number of hours reasonably expended, the Court finds that some adjustments are warranted. "[W]here a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, *but not both*." *Kennedy v. Bonom Enters., Inc.*, No. 18-cv-62175, 2019 WL 1429513, at *2 (S.D. Fla. Mar. 29, 2019) (emphasis added) (citing *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)). Indeed, "[t]rial courts may account for needed reductions of claimed attorneys' fees by making an across-the-board reduction," especially where, as here, "the purpose of an attorney fee award is to deter counsel from future Rule 11 violations; it is not to accurately and fully compensate [Movants] for [their] legal fees." *Estrada*, 2018 WL 3697491, at *10 (citing *Loranger*, 10 F.3d at 783; *Bivins*, 548 F.3d at 1350). Additionally, an across-the-board reduction is warranted "where some of the entries are block-billed."[5] *Collar v.*

---

[5] "Block billing is '[t]he practice of including multiple distinct tasks within the same time entry.'" *Picado v. Lafise Corp.*, No. 13-24214-CIV, 2014 WL 4471391, at *3 (S.D. Fla. Sept. 11, 2014) (quoting *Bujanowski v. Koconte*s, No. 8:08-cv-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009)). Furthermore,

Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that the requested hours are reasonable, counsel "should have maintained records to show the time

*Abalux, Inc.*, No. 16-20872-CIV, 2019 WL 7172416, at *5 (S.D. Fla. Mar. 6, 2019),

*reconsideration denied*, No. 16-20872-CIV, 2019 WL 7172411 (S.D. Fla. Mar. 29, 2019), *aff'd*,

No. 19-13789, 2020 WL 1528072 (11th Cir. Mar. 31, 2020).

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." [*Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)] (en banc) (emphasis in original).

*Hensley*, 461 U.S. at 434 (some citations omitted); *see also Norman*, 836 F.2d at 1301. "[A] a fee

applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook

tasks which were mundane, clerical or which did not require the full exercise of an attorney's

education and judgment." *Norman*, 836 F.2d at 1306; *see also For Play Ltd. v. Bow to Stern Maint.,*

*Inc.*, No. 05-22002-CIV, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) (collecting cases).

Likewise, "[w]hen determining whether the amount of hours expended by counsel was reasonable,

---

spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *Barnes*, 168 F.3d at 428. A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted).

*Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5188601, at *10 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019).

the Court 'must deduct time spent on discrete and unsuccessful claims.'" *Kennedy*, 2019 WL 1429513, at *2 (quoting *Norman*, 836 F.2d at 1302).

As an initial matter, the Court is unpersuaded by Plaintiff's arguments that the fee award imposed should be limited to those time entries billed between October 28, 2019, and November 21, 2019. The hours expended in this matter before October 28, 2019, and after November 21, 2019, were the direct result of Mr. Gulisano's problematic course of conduct, in that Movants were forced to incur significant legal expenses to defend against Plaintiff's frivolous attempts to levy the funds in Movants' bank accounts. *See Petrano v. Nationwide Mut. Fire Ins. Co.*, No. 1:12-cv-86-SPM-GRJ, 2013 WL 1325201, at *7 (N.D. Fla. Feb. 4, 2013) (holding that defendants were entitled to recover reasonable attorneys' fees and expenses incurred from the date of the frivolous removal to federal court, including those incurred in moving for sanctions), *report and recommendation adopted sub nom. Petrano v. Old Republic Nat. Title Ins. Co.*, No. 1:12-cv-86-SPM-GRJ, 2013 WL 1325030 (N.D. Fla. Mar. 27, 2013), *aff'd*, 590 F. App'x 927 (11th Cir. 2014). Similarly, Plaintiff's Objections to Movants' reimbursement for the costs and expenses of $243.24 incurred in litigating these proceedings are equally unavailing. As discussed above, Rule 11(c)(2) grants the Court the discretion to award a successful movant "*the reasonable expenses*, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2) (emphasis added). Movants seek an award of costs and expenses for postage, travel expenses incurred in attending the hearing in New Jersey, and a service of process fee. *See Hill v. Suwannee River Water Mgmt. Dist.*, No. 3:17-cv-1342-J-25JRK, 2020 WL 2142010, at *3 (M.D. Fla. Mar. 3, 2020) (granting award of photocopy costs, postage, and travel expenses incurred in attending a hearing and noting that "[t]he Eleventh Circuit has upheld the court's discretion to impose as Rule 11 sanctions reasonable costs

incurred for travel to a hearing" (citing *Rowe v. Gary*, 773 F. App'x 500, 504 (11th Cir. 2019))). Thus, these Objections are overruled.

Nevertheless, as Plaintiff rightfully notes in the Objections, Movants' Fee Affidavit contains time entries with improper block billing that make it difficult for the Court to determine how much time was allotted to what tasks. *See Rabco Corp.*, 2019 WL 5188601, at *16 (collecting cases that applied across-the-board reductions for block billing). Likewise, included in the Fee Affidavit are numerous time entries reflecting that multiple attorneys were performing substantially similar tasks on the same documents, which, in some circumstances, such as preparing the Motion for Sanctions, yielded unreasonable amounts of time spent on relatively simple tasks. *See, e.g.*, ECF No. [51-1] at 15 (time entries for drafting and review of Motion for Sanctions by multiple timekeepers); *see also Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-cv-81232, 2017 WL 4785458, at *3 (S.D. Fla. Oct. 20, 2017) ("There was no need for four attorneys and a paralegal to be involved in a relatively simple motion for sanctions."); *Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WF 6729648, *2 (S.D. Fla. Aug. 2, 2013) ("[E]ach attorney's contributions must be distinct, and not redundant, in order to merit compensation."). Moreover, certain time entries in the invoices pertain to matters that were ultimately unsuccessful and thus are not recoverable. *See, e.g.*, ECF No. [51-1] at 13 (time entries on cross-motion to quash writ of execution that was never filed); *id.* at 14-15 (time entries regarding work on a sur-reply which was ultimately denied). These "billing judgment" issues are sufficient to warrant an across-the-board reduction here.

The Court further considers Mr. Gulisano's purported inability to pay the full fee amount sought, which further buttresses the propriety of an across-the-board reduction of fees here.[6] The

---

[6] Mr. Gulisano submitted financial documentation of his annual income in Plaintiff's Amended Witness and Exhibit List for May 27, 2020 Evidentiary Hearing. *See* ECF No. [67-1].

Eleventh Circuit has specifically held "that a district court must consider financial ability in the award of sanctions." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998). Moreover,

> [s]anction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned. What cannot be done must not be ordered to be done. *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir. 2002) (discussing injunctions). And, sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters. *Cf.* [*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)] (concluding that sanctions imposed under court's inherent power "justly punished" the offending parties and would hopefully deter others from engaging in similar conduct).

*Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). Upon review of Mr. Gulisano's financial documents, annual federal income tax return forms, and those of his law firm, it is apparent to the Court that Mr. Gulisano cannot pay the full amount of fees requested.

In light of the fact that the Fee Affidavit contains time entries that are "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, coupled with Mr. Gulisano's current financial circumstances and inability to pay, the Court exercises its discretion to apply a 50% reduction to the total amount of fees and costs. *See Estrada*, 2018 WL 3697491, at *10 (exercising discretion to reduce fee award across-the-board because "the purpose of an attorney fee award is to deter counsel from future Rule 11 violations; it is not to accurately and fully compensate [Movants] for [their] legal fees" (citing *Loranger*, 10 F.3d at 783; *Bivins*, 548 F.3d at 1350)). Accordingly, after the 50% reduction, Movants are entitled to a total award of **$19,549.12**, which consists of **$19,427.50** in attorneys' fees and **$121.62** in costs and expenses reasonably incurred in litigating the Judgment Motions in this case. However, in the interest of not inflicting significant financial hardship on Mr. Gulisano, given his financial circumstances, the Court will require that this award be paid in monthly installments of $200.00 per month.

Case No. 18-cv-81420-BLOOM/Reinhart

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Reconsideration or Rehearing, **ECF No. [52]**, is **DENIED**.

2.  Movants shall recover a total of **$19,549.12** in attorneys' fees and costs incurred in responding to and defending the Judgment Motions from Plaintiff's counsel, Michael Gulisano, Esq.

3.  Plaintiff's counsel, Michael Gulisano, Esq., is ordered to make **monthly incremental payments of $200.00** to Movants' counsel on the first of every month until the total award amount of **$19,549.12** has been fully repaid. Failure to comply will result in the imposition of appropriate sanctions without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

21