UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81420-BLOOM/Reinhart

CATHY COHEN,

      Plaintiff,

v.

BURLINGTON, INC.,

      Defendant.

_____/

## ORDER DENYING MOTION TO VACATE AND FOR LEAVE TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Cathy Cohen's ("Plaintiff") Renewed Motion to Vacate Default, Final Default Judgment, and for Leave to Amend Complaint, ECF No. [84] ("Motion"). Burlington Stores, Inc. ("BSI"), Burlington Coat Factory Warehouse Corporation ("BCFWC"), and Burlington Coat Factory Direct Corporation ("BCFDC") (collectively, "Movants") filed a response in opposition, ECF No. [85] ("Response"), to which Plaintiff filed a Reply, ECF No. [86] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Plaintiff's Motion is denied.

## I. BACKGROUND

On October 19, 2018, Plaintiff initiated this action, asserting a negligence claim against Defendant Burlington, Inc. ("Defendant") arising from an incident at Defendant's retail store in Palm Beach County, Florida, on July 8, 2016. ECF No. [1] ¶¶ 7-8 ("Complaint"). In her Complaint, Plaintiff alleged that one or more display tables at Defendant's store fell toward Plaintiff and struck her, causing severe injuries. *Id.* ¶¶ 11-13.

A Clerk's Default was entered against Defendant on January 16, 2019. ECF No. [9] ("Default"). The Court held an evidentiary hearing on the issue of damages on March 29, 2019. ECF No. [16]. Then, on March 31, 2019, Plaintiff filed a Motion for Final Default Judgment, ECF No. [17], which the Court granted on April 12, 2019, ECF No. [19]. Final Judgment was "entered in favor of Plaintiff Cathy Cohen and against Defendant Burlington Inc." and Plaintiff was awarded damages in the amount of $677,774.75, plus $26.19 in pre-judgment interest, ECF No. [20] ("Judgment"). Plaintiff was further awarded $702.43 in taxable costs on May 7, 2019, ECF No. [23].

On July 19, 2019, Plaintiff moved for a writ of execution against "BURLINGTON INC. a/k/a BURLINGTON COAT FACTORY DIRECT CORPORATION," ECF No. [24], which the Clerk of Court issued on July 23, 2019, ECF No. [25]. Plaintiff then registered the Judgment Lien against "BURLINGTON, INC, and BURLINGTON COAT FACTORY DIRECT CORPORATION" with the Florida Secretary of State. ECF No. [33-1] at 53. On August 21, 2019, the Clerk of Court certified the Judgment to be registered in another district, *id.* at 90-93, and on September 7, 2019, Plaintiff's counsel mailed the certified Judgment, along with a New Jersey writ of execution, to the United States District Court for the District of New Jersey ("N.J. District Court"), *id.* at 91, which the N.J. District Court received on September 10, 2019, *id.* at 90. On September 12, 2019, the New Jersey writ of execution was issued, *id.* at 99-100, and the writ was levied against BSI's bank account on October 1, 2019, *id.* at 113-15, 64.

On October 7, 2019, BSI and BCFWC filed an emergency motion before the N.J. District Court for an order to show cause why the Judgment and the levies should not be vacated and why the writs of execution should not be quashed. *Id.* at 54-73. Ultimately, on October 24, 2019, the N.J. District Court vacated the levies against BSI's bank account and quashed all writs directed to

Case No. 18-cv-81420-BLOOM/Reinhart

Movants' assets, but declined to vacate this Court's Judgment. *Id.* at 118-19. In the meantime, on October 11, 2019, Plaintiff moved, before this Court, to amend the Judgment to "remove any ambiguity of the correct Defendants' identity," ECF No. [26], which was later amended, ECF No. [33] ("Motion to Amend Judgment"). Further, on December 5, 2019, Movants filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 due to the alleged misconduct of Plaintiff's counsel, Michael Gulisano, Esq. ("Mr. Gulisano"), throughout the course of these proceedings. ECF No. [47] ("Motion for Sanctions").

On March 2, 2020, this Court issued its Omnibus Order denying Plaintiff's Motion to Amend Judgment and granting in part and denying in part Movants' Motion for Sanctions. *Cohen v. Burlington, Inc.*, No. 18-cv-81420, 2020 WL 1033349, at *1 (S.D. Fla. Mar. 3, 2020), ECF No. [50] ("Omnibus Order"). The Omnibus Order specifically ordered that "Movants shall be entitled to recover from Plaintiff's counsel, Michael Gulisano, Esq., all of the expenses, including attorney's fees and costs, incurred in responding to and defending the instant Motions," and required that Movants' counsel submit the appropriate documentation regarding the amount sought within fourteen (14) days. *Cohen*, 2020 WL 1033349, at *11. Movants timely filed a Fee Affidavit, ECF No. [51], with supporting exhibits. On March 31, 2020, Plaintiff filed a Motion for Reconsideration or Rehearing on Omnibus Order, seeking reconsideration of the Court's award of sanctions in its Omnibus Order pursuant to Federal Rules of Civil Procedure 52, 59, and 60, ECF No. [52] ("Motion for Reconsideration"). The Court denied the Motion for Reconsideration, ECF No. [70] ("Order on Motion for Reconsideration").

Plaintiff thereafter filed a Motion to Vacate Default, Final Default Judgment, and for Leave to Amend Complaint, ECF No. [71] ("First Motion to Vacate"), and appealed the Court's Omnibus Order and Order on Motion for Reconsideration, ECF No. [72]. The Court denied the First Motion

to Vacate as moot due to the pending appeal. ECF No. [73]. The Eleventh Circuit affirmed the Court's Orders. ECF No. [83].

In the instant Motion, Plaintiff requests that the Court vacate the Default and Judgment entered against Defendant. ECF No. [84]. Plaintiff also seeks leave to amend the Complaint. Movants oppose the relief sought. ECF No. [85].

## II. LEGAL STANDARD

### a. Motion to Vacate

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Eleventh Circuit has defined "good cause" in this context as follows:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996) (internal citations and quotations omitted).

Federal Rule of Civil Procedure 60(b) states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     . . . .
>     (4) the judgment is void; [or]

. . . .

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"By its very nature, [Rule 60(b)] seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir. 1970)).[1] As such, "Rule 60(b) motions are directed to the sound discretion of the district court." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). Ultimately, "[a] Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. . . . and a technical error or a slight mistake by [a party's] attorney should not deprive [the party] of an opportunity to present the true merits of his claims." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).

With regard to Rule 60(b)(1), the Eleventh Circuit has held that "[t]he determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Further, "a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law. A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal citation and quotation marks omitted). Lastly, "[u]nder Rule 60(b)(6) — the 'catchall provision' — a court may relieve a party from a final judgment for 'any other reason that justifies relief.'" *Albors*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

*Gonzalez v. Fed. Nat'l Mortg. Ass'n*, No. 19-10499, 2020 WL 464894, at *2 (11th Cir. Jan. 29, 2020) (quoting Fed. R. Civ. P. 60(b)(6)). As the Eleventh Circuit has explained, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "A party seeking relief under Rule 60(b)(6) 'has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.'" *Albors Gonzalez*, 2020 WL 464894, at *2 (quoting *Griffin*, 722 F.2d at 680).

### b.  Motion to Amend

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

In addition, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at Rule 16(b). Accordingly, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id.* at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment).

Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id.* at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. If the movant demonstrates good cause, then the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

## III. DISCUSSION

### a. Motion to Vacate

#### i. Judgment

Plaintiff argues that the Judgment should be vacated on three separate grounds. *See* ECF No. [84] at 4-6. First, Movants' failure to respond to the Complaint amounts to mistake or excusable neglect under Rule 60(b)(1). *See id.* at 5. Plaintiff also submits that her Rule 60(b)(1) request is not untimely because the instant Motion relates back to the First Motion to Vacate. *See id.* Second, Plaintiff argues that the Court should vacate the Judgment under Rule 60(b)(4) because the Judgment is void for having been entered against a nonexistent Defendant. *See id.* Plaintiff

points out that BSI previously argued that the Judgment was void. *See id.* Plaintiff further argues that her Rule 60(b)(4) request is not untimely because void judgments can be vacated at any time. *See id.* Third, Plaintiff avers that the Court should vacate the Judgment under Rule 60(b)(6) because she will otherwise be deprived of an opportunity to present the merits of her claims. *See id.* at 6; *see also* ECF No. [86] at 4.

Movants respond that the Court has already determined that the Judgment should not be vacated pursuant to Rule 60(b)(1) and 60(b)(6) in its prior Omnibus Order. *See* ECF No. [85] at 9 (citing ECF No. [50]). Nothing has changed in the intervening period to alter the Court's analysis. *See id.* Movants further argue that Plaintiff's Rule 60(b)(1) request is untimely because the First Motion to Vacate was already denied and a motion cannot relate back to a previously denied motion. *See id.* at 9, 15. Further, Movants argue that the Judgment should not be vacated pursuant to Rule 60(b)(4) because a judgment is void only if the Court lacked jurisdiction, acted in a manner inconsistent with due process of law, or was powerless to enter the judgment. *See id.* at 9-10. Plaintiff fails to argue that the Judgment was void for any of the above reasons. *See id.* at 10. Movants also submit that they never argued that the Judgment was void as a whole but instead argued that the Judgment was void only to the extent that it was somehow binding upon BSI. *See id.* at 11.

Plaintiff replies that judgments obtained against a nonexistent entity are necessarily void. *See* ECF No. [86] at 2-4. As such, the Court should vacate the Judgment against the nonexistent Defendant under Rule 60(b)(4). *See id.* Plaintiff also maintains that the Court should vacate the Judgment under Fed. R. Civ. P. 60(b)(6) because Plaintiff would "suffer an extreme and unexpected hardship in that she cannot refile her claims as they would be time barred, leaving her with an uncollectable judgment against a nonexistent entity." *Id.* at 4.

The Court agrees with Movants. First, the Court sees no reason to disturb its decision not to vacate the Judgment under Rule 60(b)(1) or Rule 60(b)(6). *See* ECF No. [50] at 7-12. The Eleventh Circuit has affirmed the Court's Omnibus Order denying the same relief that Plaintiff seeks in the instant Motion. *See* ECF Nos. [50] at 7-12, [83]. As Movants correctly point out, there have not been any intervening circumstances that would alter the Court's reasoning or the Eleventh Circuit's affirmance. Plaintiff notably fails to respond to Movants' argument on this matter. *See generally* ECF No. [86]. As such, the Court again determines that Plaintiff is not entitled to relief under Rule 60(b)(1) or Rule 60(b)(6).

Second, Plaintiff's argument that the Court should vacate the Judgment pursuant to Rule 60(b)(4) because Defendant is a nonexistent entity is unpersuasive. The Court reiterates that Rule 60(b)(4) states that "[o]n motion and just terms, the court *may* relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: . . . the judgment is void." Fed. R. Civ. P. 60(b)(4) (emphasis added). The Court notes that the plain text of Rule 60(b)(4) provides that any relief for a void judgment is discretionary. The Court also reiterates the Eleventh Circuit's holding that "Rule 60(b) motions are directed to the sound discretion of the district court." *Conn. State Dental Ass'n*, 591 F.3d at 1355. Further, Rule 60(b) is intended to ensure that "justice be done in light of all the facts." *Seven Elves, Inc.,* 635 F.2d at 401. In this case, the party against whom the Judgment was entered was a nonexistent entity due to Plaintiff's misrepresentation to the Court. As a result, the Judgment cannot prejudice any entity, much less a nonexistent entity, and vacatur of a judgment that cannot harm any entity is not necessary under the unique circumstances of this case. Certainly, justice does not require vacatur in light of the history of this case. *See id.* Thus, the Court exercises its discretion and denies the relief Plaintiff seeks.

The Court finds unpersuasive Plaintiff's argument that her counsel's errors deprive Plaintiff of an opportunity to seek recourse. In *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962), the United States Supreme Court found no merit to the contention that a petitioner should not be penalized its counsel's conduct. "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id*. "[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Id.* at 634 n.10 (citations omitted). Similarly, Plaintiff voluntarily chose her attorney, and the Court declines to visit the sins of Plaintiff's attorney upon Movants.

In sum, Plaintiff has failed to set forth sufficient grounds to vacate the Judgment.

### ii.    Default

Though the Court need not continue, to be thorough, the Court turns to Plaintiff's request to vacate the Default entered against Defendant. *See* ECF No. [84] at 3 (quoting *Biton v. Palestinian Interim Self Gov't Auth.*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002)). According to Plaintiff, there is good cause to vacate the Default because the Default was not willful. Further, vacating the Default would not prejudice Plaintiff since Plaintiff affirmatively seeks the relief. *See id.* at 3. Plaintiff also concedes, for the purposes of the instant Motion, that Movants would have meritorious defenses to Plaintiff's claims. *See id.* at 3-4. Movants do not respond to Plaintiff's argument that the Court should vacate the Default. *See generally* ECF No. [85].

The Court is not persuaded by Plaintiff's argument on this matter. As noted above, Rule 55(c) states that the "court may set aside an entry of default for good cause." No good cause has been demonstrated to vacate the Default. While Plaintiff's argument rests on whether the Default was willful, whether setting the Default aside would prejudice Plaintiff, and whether Movants can

Case No. 18-cv-81420-BLOOM/Reinhart

present a meritorious defense, the Court notes that the above factors are not "talismanic." Those factors are only to be used as a means of identifying the circumstances that warrant a finding of "good cause" to set aside a default. In the unique circumstances of this case, where the defaulting party is a nonexistent entity due to Plaintiff's misrepresentation to the Court, the Court finds such factors to be inapposite. Rather the Court focuses on the "intentional or reckless disregard for the judicial proceedings" by Plaintiff's counsel and determines that the Court need not make any other finding in denying the relief Plaintiff seeks. The Court refuses to condone Plaintiff's counsel's actions in which he obtained the Default by misrepresenting to the Court the defendant against whom Plaintiff was asserting her claims.

### b. Motion to Amend

Since the Judgment and Default will not be vacated, there are no grounds to amend the Complaint, for which a final judgment has already been entered. As such, the Court need not address the parties' arguments related to Plaintiff's request to amend the Complaint.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [84]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

11